William J. Began, S.
A document purporting to be the last will and testament of Nancy S. Jimeson was filed with this court on October 29, 1971 for probate. A citation was issued and on the return date of December 7, 1971 an appearance was made by Frank P. Della Posta in behalf of beneficiaries and alleged distributees of the deceased. Mr. Della Posta at that time questioned the jurisdiction of this court and stated that “ the Seneca Nation is a sovereign nation, and the surrogate’s court of the Seneca Nation has exclusive jurisdiction.”
A memorandum of law was submitted by respondent which did not appear to be responsive to the specific issue in this proceeding. While such memorandum discussed possible questions of construction, title to real property, and prospective procedural aspects of the proceeding to be developed in this matter, as well as convenience of forum, none of such arguments or decisions pertaining thereto appear to be apropos to the issue herein. The statutory authority giving this court jurisdiction is clearly set forth in the Indian Law (§ 5): “ Actions in state courts. Any action or special proceeding between Indians or between one or more Indians and any other person or persons may be prosecuted and enforced in any court of the state to the same extent as provided by law for other actions and special proceedings.”
By an Act of Congress on September 13, 1950 Congress provided for New York State court jurisdiction within an Indian reservation. (U. S. Code, tit. 25, § 233.)
From the foregoing, therefore, this court is satisfied that its jurisdiction is concurrent with that of the Seneca Nation of *946 Indians. The nominated executor has chosen this forum. Such jurisdiction having been retained by this court, it will not now relinquish the same.